FILED - USDC - FLMD - ORL
AUG 18 2026 PM3:44

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**AGNIESZKA MORRISON,**

**Plaintiff,**

**v.**

**EQUIFAX INFORMATION SERVICES, LLC,**

**Defendant.**

Case No.: 6:26-cv-01804-JSS-RMN

**JURY TRIAL DEMANDED**

## CIVIL COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE FAIR CREDIT REPORTING ACT

Plaintiff Agnieszka Morrison ("Plaintiff"), by and through self-representation (pro se), brings this action against Defendant Equifax Information Services, LLC ("Defendant" or "Equifax") for willful and negligent violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. Section 1681 et seq., and alleges as follows:

## PRELIMINARY STATEMENT

1. This is a consumer protection action brought under the FCRA to address Defendant's absolute failure to comply with the federal identity theft block mandates under 15 U.S.C. Section 1681c-2, by failing to block fraudulent data within the statutorily mandated timeframe.

## JURISDICTION AND VENUE

2. This Court has federal question jurisdiction over this action pursuant to 15 U.S.C. Section 1681p and 28 U.S.C. Section 1331.

3. Venue is proper in the United States District Court for the Middle District of Florida pursuant to 28 U.S.C. Section 1391(b), because Plaintiff resides in Windermere, Florida, within this judicial district, and a substantial part of the events giving rise to the claims occurred here.

## PARTIES

4. Plaintiff Agnieszka Morrison is a natural person and a "consumer" as defined by 15 U.S.C. Section 1681a(c), residing in Windermere, Florida.

5. Defendant Equifax Information Services, LLC is a "consumer reporting agency" as defined by 15 U.S.C. Section 1681a(f), which regularly engages in the practice of assembling and evaluating consumer credit information for the purpose of furnishing consumer reports to third parties. Defendant is a foreign corporation doing business in the State of Florida and may be served via its registered agent.

## FACTUAL ALLEGATIONS

6. Plaintiff was the victim of severe identity theft, which resulted in the fraudulent opening of unauthorized accounts on Plaintiff's credit profile.

7. Upon discovering the fraud, Plaintiff compiled a comprehensive Identity Theft Block Package in strict compliance with federal law. This package included:

a. Verified proof of Plaintiff's identity;

b. An official Federal Trade Commission (FTC) Identity Theft Report; and

c. An explicit directive identifying the exact fraudulent accounts to be blocked.

8. On August 3, 2026, Plaintiff mailed the complete Identity Theft Block Package to Defendant Equifax via USPS Certified Mail.

9. On August 7, 2026, Defendant Equifax officially received the package via certified delivery.

10. Pursuant to 15 U.S.C. Section 1681c-2, Defendant had a non-discretionary statutory duty to implement a permanent identity theft block on the specified accounts within

four (4) business days of receipt.

11. Because August 7, 2026, was a Friday, Defendant's strict four-business-day compliance window closed on Thursday, August 13, 2026.

12. Defendant failed to execute the required identity theft block within the required statutory timeline.

13. Defendant Equifax was on explicit notice regarding systemic defects in its identity theft dispute and blocking mechanisms. On January 17, 2025, the Consumer Financial Protection Bureau (CFPB) issued a formal Consent Order against Defendant (Matter No. 2025-CFPB-0002), specifically finding that Equifax violated the Fair Credit Reporting Act by failing to properly implement identity theft blocks under 15 U.S.C. Section 1681c-2 and utilizing unworkable review protocols.

14. Despite being under a federal mandate to overhaul its dispute processing operations and paying a $15 million civil regulatory penalty for these identical compliance failures, Defendant has continued to utilize the same non-compliant administrative practices to the direct detriment of Plaintiff.

15. As a direct result of Defendant's failure to block the fraudulent trade lines, inaccurate and derogatory credit data remains on Plaintiff's credit reports, continuing to injure her creditworthiness.

16. Defendant's actions have caused and continue to cause Plaintiff severe economic harm, damage to creditworthiness, out-of-pocket expenses, loss of sleep, anxiety, and extreme emotional distress.

**COUNT I**

**Willful Non-Compliance with the FCRA (15 U.S.C. Section 1681n)**

17. Plaintiff incorporates paragraphs 1 through 16 by reference as if fully set forth herein.

18. Defendant Equifax knowingly, recklessly, and willfully violated 15 U.S.C. Section 1681c-2 by failing to implement the mandatory identity theft block within four business days of

its August 7, 2026 receipt.

19. Defendant maintained a reckless corporate policy or unworkable review protocols that caused it to ignore the strict statutory deadlines set by Congress under the FCRA, despite clear prior warnings and a binding enforcement order from the CFPB.

20. As a result of Defendant's willful violations, Plaintiff is entitled to actual damages, statutory damages of up to $1,000 per violation, punitive damages, and reasonable attorney's fees and litigation costs.

**COUNT II**
**Negligent Non-Compliance with the FCRA (15 U.S.C. Section 1681o)**

21. Plaintiff incorporates paragraphs 1 through 16 by reference as if fully set forth herein.

22. Defendant negligently failed to maintain administrative procedures to ensure compliance with the strict statutory deadlines mandated by 15 U.S.C. Section 1681c-2.

23. As a direct and proximate result of Defendant's negligence, Plaintiff suffered actual financial and emotional damages.

24. Pursuant to 15 U.S.C. Section 1681o, Defendant is liable to Plaintiff for actual damages and court costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment against Defendant Equifax for:

- Actual and statutory damages;
- Punitive damages pursuant to 15 U.S.C. Section 1681n;
- An order directing Defendant to permanently block the fraudulent accounts; and
- Reimbursement for all court filing fees, process server costs, and litigation expenses.

**JURY DEMAND**

Plaintiff hereby formally demands a trial by jury on all issues so triable pursuant to Federal Rule of Civil Procedure 38(b).

Dated: August 17, 2026

Respectfully submitted,

**Agnieszka Morrison, Plaintiff Pro Se**
11483 Brickyard Pond Ln
Windermere, Florida 34786
Phone: 689-251-1778
Email: Reksia2026@outlook.com